# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Houston)
## CRIMINAL DOCKET FOR CASE #: <u>4:25−mj−00736</u>−1
### *Internal Use Only*

Case title: USA v. Witty                                    Date Filed: 12/10/2025

Other court case number:  5:25−cr−496 Western District of
                          Oklahoma (Oklahoma City)

Assigned to: Magistrate Judge
Peter Bray

**<u>Defendant (1)</u>**

| | | |
|---|---|---|
| **Emily Witty** | represented by | **Federal Public Defender – Houston** |
| | | 440 Louisiana |
| | | Ste 1350 |
| | | Houston, TX 77002 |
| | | 713−718−4600 |
| | | Fax: 713−718−4610 |
| | | Email: <u>hou_ecf@fd.org</u> |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Public Defender or Community Defender Appointment* |

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
|---|---|
| None | |

**<u>Highest Offense Level (Opening)</u>**

None

| **<u>Terminated Counts</u>** | **<u>Disposition</u>** |
|---|---|
| None | |

**<u>Highest Offense Level (Terminated)</u>**

None

| **<u>Complaints</u>** | **<u>Disposition</u>** |
|---|---|
| 18 U.S.C. § 1349 Conspiracy to Commit Wire Fraud | |

**Plaintiff**

USA

| Date Filed | # | Docket Text |
|---|---|---|
| 12/09/2025 | | Arrest (Rule 40) of Emily Witty, filed. (pns4) (Entered: 12/10/2025) |
| 12/10/2025 | 1 | Indictment– Western District of Oklahoma, Oklahoma City Division as to Emily Witty, filed. (pns4) (Entered: 12/10/2025) |
| 12/10/2025 | 2 | Arrest Warrant issued 12/03/2025; Returned Executed on 12/09/2025 as to Emily Witty. Defendant was arrested in Houston, TX. Document restricted from PACER under privacy policy., filed. (pns4) (Entered: 12/10/2025) |
| 12/10/2025 | | Set Hearing as to Emily Witty: Initial Appearance – Rule 40 set for 12/10/2025 at 10:00 AM in Courtroom 703 before Magistrate Judge Peter Bray (pns4) (Entered: 12/10/2025) |
| 12/10/2025 | | Arrest of Emily Witty, filed. (jmm4) (Entered: 12/10/2025) |
| 12/10/2025 | | INITIAL APPEARANCE IN RULE 5(c)(3) Minute Entry for proceedings held on 12/10/2025 before Magistrate Judge Peter Bray as to Emily Witty. Defendant first appearance on Indictment from the Oklahoma Western District Court 25−496 and advised of rights/charges. Defendant requests appointed counsel, Financial affidavit executed, Defendant appeared with counsel. Order appointing FPD to be entered, Defendant waives Identity and Waiver of Rule 5 & 5.1 Hearings executed, Waiver of Identity executed on the record, Order of Temporary Detention Pending Hearing to be entered. Status Conference set for 12/10/2025 at 02:00 PM in Courtroom 703 before Magistrate Judge Peter Bray Appearances: AUSA Bradley Roy Gray for USA; AFPD George Aristotelidis for Defendant.(ERO:Yes) (Interpreter: No) (Pretrial Officer: Yes) Defendant remanded to custody, filed. (jmm4) (Entered: 12/10/2025) |
| 12/10/2025 | 3 | Sealed Financial Affidavit CJA 23 by Emily Witty, filed. (Entered: 12/10/2025) |
| 12/10/2025 | 4 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Emily Witty. (Signed by Magistrate Judge Peter Bray) Parties notified. (jmm4) (Entered: 12/10/2025) |
| 12/10/2025 | 5 | Order of Temporary Detention Pending Hearing as to Emily Witty Status Conference set for 12/10/2025 at 02:00 PM in Courtroom 703 before Magistrate Judge Peter Bray ( Signed by Magistrate Judge Peter Bray) Parties notified. (jmm4) (Entered: 12/10/2025) |
| 12/10/2025 | | STATUS CONFERENCE Minute Entry for proceedings held on 12/10/2025 before Magistrate Judge Peter Bray as to Emily Witty Defendant appeared with counsel. Bond set, $250,000 Unsecured, Defendant advised of conditions of release, Defendant to be released after bond perfected. Appearances: AUSA Bradley Roy Gray for USA; AFPD George Aristotelidis for Defendant.(ERO:Yes) (Interpreter: No) (Pretrial Officer: Yes) Bond executed and deft to be released, filed. (jmm4) (Entered: 12/10/2025) |
| 12/10/2025 | 7 | Unsecured Bond Entered as to Emily Witty in amount of $ 250,000,, filed. (jmm4) (Entered: 12/11/2025) |
| 12/10/2025 | 8 | ORDER Setting Conditions of Release as to Emily Witty. ( Signed by Magistrate Judge Peter Bray) (Attachments: # 1 Unredacted) Parties notified. (jmm4) (Entered: 12/11/2025) |
| 12/11/2025 | 6 | Pretrial Services Report (Sealed) as to Emily Witty, filed. (mmc4) (Entered: 12/11/2025) |

United States District Court
Southern District of Texas
**ENTERED**
December 10, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | Case No. 4:25–mj–00736 |
| | § | |
| Emily Witty | § | |

## ORDER APPOINTING COUNSEL

Because the defendant has satisfied this court that he or she is financially eligible for court-appointed counsel, the court appoints the Federal Public Defender to represent the defendant.

Signed at Houston, Texas, on December 10, 2025.

Peter Bray
United States Magistrate Judge

United States District Court
Southern District of Texas
**ENTERED**
December 10, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | Case No. 4:25–mj–00736 |
| | § | |
| Emily Witty | § | |

## ORDER OF DETENTION PENDING HEARING

A hearing in this case is scheduled as follows:

Status Conference
December 10, 2025 at 02:00 PM
Courtroom 703
United States District Court
515 Rusk Street
Houston, TX 77002

**IT IS ORDERED:** Pending the hearing, the defendant is to be detained in the custody of the United States Marshal or any other authorized officer. The custodian must bring the defendant to the hearing at the time, date, and place set forth above.

Date: December 10, 2025

Peter Bray
United States Magistrate Judge

AO 98 (Rev. 12/11) Appearance Bond

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

United States of America )
v. )
) Case No. 4:25MJ736
)
EMILY WITTY )
*Defendant* )

## APPEARANCE BOND

### Defendant's Agreement

I, _____ EMILY WITTY _____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

( ☒ ) to appear for court proceedings;
( ☒ ) if convicted, to surrender to serve a sentence that the court may impose; or
( ☒ ) to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

( ☐ ) (1) This is a personal recognizance bond.

( ☒ ) (2) This is an unsecured bond of $ *250,000.00* .

( ☐ ) (3) This is a secured bond of $ _____ , secured by:

    ( ☐ ) (a) $ _____ , in cash deposited with the court.

    ( ☐ ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value)*:

    _____

    If this bond is secured by real property, documents to protect the secured interest may be filed of record.

    ( ☐ ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

    _____
    _____
    _____

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

AO 98 (Rev. 12/11) Appearance Bond

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

**Declarations**

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

    (1)     all owners of the property securing this appearance bond are included on the bond;

    (2)     the property is not subject to claims, except as described above; and

    (3)     I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C.§ 1746.)

Date: 12/10/25

_____
*Defendant's signature*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

CLERK OF COURT

Date: 12/10/25

_____
*Signature of Clerk or Deputy Clerk*

Approved.

Date: 12/10/2025

_____
*Judge's signature*

18

(Rev. 12/08)

United States District Court
Southern District of Texas
**ENTERED**
December 11, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT                    SOUTHERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA                §
                                        §
                                        §
vs.                                     §        CRIMINAL NO. H-25MJ736
                                        §
                                        §
_EMILY WITTY_____            §

# ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to the following conditions:

1.    The defendant must not violate any federal, state or local law while on release.

2.    The defendant must not intimidate or attempt to intimidate a witness, juror or officer of the court (18 USC § 1503), obstruct a criminal investigation (18 USC § 1510), or tamper with or retaliate against a witness, victim or informant (18 USC §§ 1512 and 1513).

3.    The defendant must immediately advise the Court, defense counsel and the Pretrial Services Agency, in writing, before any change in address and telephone number.

4.    The defendant must appear in court as required and must surrender to serve any sentence imposed. The defendant must appear at (if blank, to be notified):

_____on_____
     Place                                    Date/Time

**RELEASE ON PERSONAL RECOGNIZANCE OR UNSECURED BOND**

IT IS FURTHER ORDERED that the defendant be released on condition that:

[X]    5.    The defendant promises to appear in court as required and surrender to serve any sentence imposed.

[X]    6.    The defendant executes an unsecured bond binding the defendant to pay the United States the sum of $ 250,000.00 in the event of a failure to appear as required or to surrender to serve any sentence imposed.

       [  ]    The bond shall be signed by the following person(s) as surety:

       _____

       _____

       _____

19

# Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance and the safety of other persons or the community, it FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

[ ]    7.    The defendant is placed in the custody of:

_____
(Name of person or organization)

_____
(Address)

_____
(City/State/Zip Code)                                        (Area Code/Telephone Number)

who agrees (a) to supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings, and (c) to notify the court immediately if the defendant violates any conditions of release or disappears.

Signed:_____
                        Custodian or Proxy                                        Date

[X]    8.    The defendant must:

    [X]        a.    Must report to Pretrial Services at the times and the places they deem appropriate.

    [ ]        b.    Execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:

_____

_____

    [ ]        c.    Post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum

_____ .

    [ ]        d.    Execute a bail bond with solvent sureties in the amount of $
_____

    [X]        e.    Maintain or actively seek full-time, verifiable employment and provide proof of earnings to Probation.

    [ ]        f.    Maintain or commence an education program.

    [X]        g.    Surrender U.S. Passport and/or Foreign Passport to the U.S. Pretrial Services Agency, by noon on 12/11/2025.

    [X]        h.    Obtain no passport.

2

20

[X]      i.    Abide by the following restrictions on personal association, place of abode, or travel:

          [X]    Harris and the bordering counties;

          [ ]    Continental United States; or

          [X]    *WDOK for court appearances + attorney visits.*

          [ ]    Outside travel allowed with preapproval from PTS.

[X]      j.    Avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: ___co-defendants;_____

_____

_____.

[ ]      k.    Undergo medical or psychiatric treatment or remain in an institution as follows: as directed by Probation

[ ]      l.    Return to custody each (week) day at _____ o'clock after being released each (week) day at _____ o'clock for employment, schooling, or the following purpose(s):

_____

[ ]      m.    Maintain residence at a halfway house or community corrections center, as the Pretrial Services Office or supervising officer considers necessary.

[X]      n.    Refrain from possessing a firearm, destructive device, or other dangerous weapons.

[X]      o.    Refrain from (X) any   ( ) excessive use of alcohol.

[X]      p.    Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed in your name by a licensed medical practitioner.

[X]      q.    Submit to any testing required by the Pretrial Services Office or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.

[X]      r.    Participate in a program of inpatient or outpatient substance abuse therapy and counseling if the Pretrial Services Office or supervising officer considers it advisable.

[ ]      s.     Participate in one of the following location monitoring program components and abide by its requirement as the Pretrial Services Office or supervising officer instructs.

    [ ]      (i)    **Curfew.**  You are restricted to your residence every day ( ) from _____ to _____, or  ( ) as directed by the Pretrial Services Office or supervising officer; or

    [ ]      (ii)    **Home Detention.**  You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the Pretrial Services Office or supervising officer; or

    [ ]      (iii)    **Home Incarceration.**  You are restricted to your residence at all times except for medical needs or treatment, and court appearances pre-approved by the Pretrial Services Office or supervising officer.

    [ ]      (iv)    **Stand Alone Monitoring.**  You have no residential curfew, home detention, or home incarceration restrictions.  However, you must comply with the location or travel restrictions as imposed by the court.
        **Note:**  Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

[ ]      t.     Submit to the location monitoring indicated below and abide by all of the program requirements and instructions provided by the Pretrial Services Office or supervising officer related to the proper operation of the technology.

    [ ]    The defendant must pay all or part of the cost of the program based upon your ability to pay as the Pretrial Services Office or supervising officer determines.

    [ ]      (i)    Location monitoring technology as directed by the Pretrial Services Office or supervising officer;

    [ ]      (ii)    GPS; or

    [ ]      (iii)    Radio Frequency; or

    [ ]      (iv)    Voice Recognition; or

    [ ]      (v)    Virtual Mobile Application.  You must allow the pretrial services or supervising officer to conduct initial and periodic inspectiosn fo the mobile device and mobile applications to verify that 1) the monitoring software is functional, 2) the required configuration (e.g. location services) are unaltered, and 3) no efforts have been made to alter the mobile application.

[X]      u.     Immediately report contact with law enforcement to Pretrial Services within 72 hours.

[ ]      v.     The defendant must pay all or part of the cost of any program based upon your ability to pay as the Pretrial Services Office or supervising officer determines.

[X]      w.     Special Conditions:
        -Do not use or consume CBD Products

        -no new debt or lines of credit without prior approval by Probation.

4

# Advice of Penalties and Sanctions

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 USC § 3148, and a prosecution for contempt as provided in 18 USC § 401 which could result in a possible term of imprisonment or fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony, or to a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself. 18 USC § 3147.

18 USC § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 USC § 1510 makes it a criminal offense punishable by up to five years imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 USC § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 USC § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 USC § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sending, surrender for the service of a sentence, or appeal or certiorari after conviction for:

[ ]     1.    an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

[ ]     2.    an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

[ ]     3.    any other felony, the defendant shall be fined not more than $250,000 or imprisoned for not more than two years, or both;

[ ]     4.    a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned for not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

# Acknowledgment of Defendant

I acknowledge that I am the defendant in this case, and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____

Signature of Defendant

_____

Address

_____

City/State/Zip Code

_____

Telephone Number

# Direction to United States Marshal

[ ✓ ]   The defendant is ORDERED released after processing.

[ ]   The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: 12/10/2025

_____

Peter Bray
United States Magistrate Judge